THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for Michael Fernandes





UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



MICHAEL FERNANDES,

    Plaintiff,

v.

GABRIEL and LAI HAR CHIU,

    Defendants.

Case No. C 08-
<u>Civil Rights</u>

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS (CIVIL CODE §§ 54, 54.1 AND 55; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990

Plaintiff, Michael Fernandes, alleges:

FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
PUBLIC FACILITIES AT A THEATER (Civil Code §§ 51, 54.1)

1. Plaintiff suffers from "Ataxia", does not have the substantial use of his legs and is a "person with a disability" and "physically handicapped person". Plaintiff requires the use of a wheelchair for locomotion and is either unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair or is only able to use such

Complaint      1



1 | portions with undue difficulty. When barriers are removed, Plaintiff is able to swing himself
2 | from his wheelchair onto a toilet.

3 | 2. The Regal Deer Valley 16 theater, located in a shopping center at 4200 Lone Tree Way, Antioch, California (the Theater) is a theater which is open to the public. Defendant owns the shopping center where the Theater is located.

3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly situated at the Theater on March 17, May 13, June 15, July 4, September 29, October 6, December 5, 2007, and more dates in 2008 on which Plaintiff will patronize the Theater (the Dates). Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law, as hereinbelow described. Plaintiff was denied his rights to full and equal access at the Theater because 12 of the 16 viewing rooms have emergency exits for able-bodied people which are inaccessible to people in wheelchairs, all of which made the Theater not properly accessible to Plaintiff and to others similarly situated. Plaintiff seeks injunctive relief to require Defendants to correct those barriers, to comply with ADAAG and the CBC where required, to remove all barriers to access in the Theater which are readily achievable, to make all reasonable accommodations in policy in order to enable Plaintiff and others similarly situated to use the Theater and at minimum, to use readily achievable alternative methods to enable Plaintiff to use the goods and services which the Theater makes available to the non-disabled public. Plaintiff also seeks the recovery of damages for his personal damages involved in the discriminatory experiences on the Dates, and seeks recovery of reasonable attorney's fees and litigation expenses and costs according to statute.

4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

Complaint                                                      2

violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1 and 55.

5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced his discrimination is located in this district and that Plaintiff's causes of action arose in this district.

6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

7. The Theater is a "public accommodation or facility" subject to the requirements of California Civil Code § 51, 54, 54.1 and 55.

8. Placeholder.

9. Defendant is and was the owner, operator, manager, lessor and lessee of the subject Theater at all times relevant herein. Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10. Plaintiff and others similarly situated are disabled persons who require the use of a wheelchair and are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and the regulations thereof. Under Civil Code §§ 51 and 54.1, Defendants were required to comply

Complaint                                3

1  with the requirements of the Americans with Disabilities Act of 1990 and the federal
2  regulations adopted pursuant thereto. The acts and omissions of which Plaintiff complains took
3  place at the Theater.

4  11. Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people
5  with disabilities and to encourage the full and free use by people with disabilities of public
6  facilities and other public places. CC §§ 51 and 54(c) state that a violation of the Americans
7  with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that
8  individuals with disabilities are entitled to "full and equal access" to public accommodations
9  and that such access means that which meets the standards of Titles II and III of the Americans
10 with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 states
11 that minimum damages for discrimination are $4,000 for each incidence of discrimination; CC
12 § 54.3 states that minimum damages for discrimination are $1,000; CC § 54.3 states that a
13 defendant who denies or interferes with a disabled person's rights of access is liable for actual
14 damages and attorneys' fees.

15 12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or
16 facilities constructed in this state with private funds adhere to provisions of Chapter 7
17 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public
18 accommodations include those which are the subject of this action. On information and belief,
19 Title 24 California Code of Regulations, formerly known as the California Administrative
20 Code, was in effect at the time of construction and of each alteration of work, all of which
21 occurred after July 1, 1982, thus requiring access complying with the specifications of title 24
22 for all such construction and for each such "alteration, structural repair or addition".
23

Complaint                              4

13. The Theater was designed and constructed for first occupancy after January 26, 1993. The Theater has 16 separate rooms where movies are shown. Each of the separate rooms has emergency exits, as is required by State law. However, in only 4 of the viewing rooms are the emergency exits accessible to people in wheelchairs. In the remaining 12 viewing rooms, a person in a wheelchair cannot use the emergency exits without bumping down stairs.

In 2004 (outside the limitations period), Plaintiff went to the Theater to see a movie. During the movie, there was a bomb scare. The movie stopped, the lights went on, and every person in the Theater except for Plaintiff and his attendant hurried out the emergency exits. Luckily for Plaintiff, his attendant at the time was a strong male. Plaintiff's attendant was able to bump Plaintiff down the stairs to the emergency exit, so that they could leave the Theater. Plaintiff and his attendant were the last ones to get out. Ever since then, when Plaintiff has gone to the Theater to see a movie, and the movie was playing in one of the rooms whose emergency exits is inaccessible, Plaintiff has been apprehensive, knowing that if there is an emergency need to leave the Theater, he will have problems.

On the Dates, Plaintiff went to the Theater and saw movies in rooms with inaccessible emergency exits. As a result, Plaintiff is entitled to statutory damages in an amount according to proof.

14. Defendant's failure to create accessible emergency exits in each viewing room, remove all readily achievable barriers, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a violation of the California Building Code, the Americans with Disabilities Act and federal regulations adopted pursuant

Complaint                                    5

thereto, and as a consequence, was a violation of Civil Code §§ 51 and 54, et seq.

15. Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by Defendant at the Theater as stated above which appear to be continuing, and which have the effect of discriminating against Plaintiff based on his disability. Plaintiff will continue to patronize the Theater, and will continue to be apprehensive when he does so. Such acts and omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use of a wheelchair for movement in public places. Plaintiff is unable so long as such acts and omissions of Defendant continue, to achieve equal access to and use of this public facility. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

16. Damages: As a result of the denial of equal access to the Theater and due to the acts and omissions of Defendants and each of them in owning, operating and/or leasing the Theater, Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code §§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's damages. Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal basis as other persons. Plaintiff seeks the minimum damages of $4,000 pursuant to CC § 52, and $1,000 pursuant to CC § 54.3, for each of the dates on which Plaintiff was subjected to barriers at the Theater. Plaintiff also seeks trebling of all of the actual damages as provided by Civil Code § 54.3.

Complaint                                   6

17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§ 52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney's fees, litigation expenses and costs pursuant to Code of Civil Procedure § 1021.5.

18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to comply with the requirements of the California Building Code, the Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to the Theater; for statutory damages pursuant to CC § 52; for actual and treble damages pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5.

### SECOND CLAIM FOR RELIEF:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 FF

19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that

Complaint                                7

"such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)):

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, **_enforceable standards_** addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of **_discrimination faced day to day_** by people with disabilities (emphasis added).

22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for purposes of this Title is a Theater (Regulation 36.104).

23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who

Complaint                               8

owns, leases or leases to, or operates a place of public accommodation."

24. Among the specific prohibitions against discrimination were included:

*§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ...";

*§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable". The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. Because the Theater was not accessible, Defendants had an obligation to have some sort of plan which would have allowed Plaintiff to enjoy the Theater's services without having to suffer the indignities as aforesaid.

26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is

Complaint                                   9

1  entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

2  USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in

3  violation of this Title or has reasonable grounds for believing that he is about to be subjected to

4  discrimination in violation of §12182. On information and belief, Defendants have continued

5  to violate the law and deny the rights of Plaintiff and of other disabled persons to access this

6  public accommodation since on or before the Dates. Pursuant to §12188(a)(2), "In cases of

7  violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to

8  make such facilities readily accessible to and usable by individuals with disabilities to the

9  extent required by this title."

10  27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

11  1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

12  Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a)

13  of the ADA who is being subjected to discrimination on the basis of disability in violation of

14  Title III and who has reasonable grounds for believing he will be subjected to such

15  discrimination each time that he may attempt to patronize the Theater.

16  Wherefore Plaintiff prays for relief as hereinafter stated:

### PRAYER

18  1. Issue a preliminary and permanent injunction directing Defendants to modify its

19  facilities as required by law to comply with the ADAAG and the CBC where required, remove

20  all barriers where it is readily achievable to do so, institute policies in furtherance of

21  accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services

22  offered to the non-disabled public so that it provides adequate access to all citizens, including

Complaint                              10

persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its facilities usable by plaintiff and similarly situated persons with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Plaintiff all appropriate statutory damages;

4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Date: January 24, 2008

___S/Thomas N. Stewart, III_____
Attorney for Plaintiff

Complaint                                   11